UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRUCE S. RISHTON )
 )
v. ) NO. 2:06-CV-104
 )
SULLIVAN COUNTY, TENNESSEE; )
SULLIVAN COUNTY DET. CTR. )

**MEMORANDUM and ORDER**

Bruce S. Rishton, a pretrial detainee in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $350.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
 or
(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has

been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to George Little, Commissioner of the Tennessee Department of Correction, and to the custodian of inmate accounts at the institution where the plaintiff is now confined.[2]

In his complaint, the plaintiff alleges five claims. In the first one, he maintains that his 16-person cell in the SCDC routinely houses 30-40 inmates and that 20 inmates, including the plaintiff himself, have been sleeping on the floor for eight months. In his second claim, the plaintiff contends that the ventilation system needs repair and that guards "shake down" his cell to retaliate against the inmates for complaining about the ventilation system. His third claim concerns allegations that inmates rarely go outside—perhaps, only once or twice a month.

The fourth claim is that inmates in his cell endure discrimination and restrictions without reason; that when the inmates file grievances, the guards "step it up a notch;" that some inmates are singled out by the guards, who inform other inmates that "this

---

[1] Send the payments to:
                       Clerk, USDC
                       220 West Depot Street, Suite 220
                       Greeneville, TN 37743

[2] The plaintiff has notified the Court that he is presently housed in the Brushy Mountain Correctional Center, awaiting classification.

inmate is causing all of you to suffer by writing grievances," which has led to more than one beating by the other inmates. His fifth and final claim in his complaint is that, virtually, there is no available dental or medical care for inmates and that, though he has filled out a form to see the dentist and was charged a medical fee for the visit, he has not seen a dentist.

An additional claim, which involves his pending state court criminal proceedings, is alleged on a separate sheet of paper. In this claim, the plaintiff asserts that while he is unsure, he thinks that he should sue the county or the prosecutor for violating his constitutional right to due process of law; his right to a speedy trial; his right to counsel; and his right to a reasonable bond.

As an initial matter, the plaintiff's appended claim concerning his state judicial criminal proceedings must be dismissed due to the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here. Thus, the Court must abstain from interfering in the plaintiff's state criminal proceedings and hereby **DISMISSES** all such claims without prejudice.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies.

42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at 1104)).

In this case, the plaintiff maintains, in section II of his complaint, that the SCDC has a grievance procedure; that he submitted grievances "on the subject(s)to be grieved;" that he either did not receive a response or was told that the County is "working on it"or "something ridiculous." He has also filed several copies of his grievances. (Doc. 5)

The grievances reflect that the plaintiff offered the facts underlying some of his claims to the SCDC authorities for resolution. For example, the facts supporting his first

4

claim of overcrowding and, arguably, those supporting his third[3] were presented in a grievance dated February 2, 2006, and raised on review or appeal.  He did not raise his second claim through the formal grievance system, but instead in a letter dated February 13, 2006.  And, even in the letter, the plaintiff did not offer the facts supporting the retaliation aspect of his second claim.

Part of the fourth claim (the allegation that, based on his being housed in R-cell, the plaintiff was suffering discrimination) was presented in grievances dated January 24 and February 2 of 2006.  Both grievances were appealed.  Nevertheless, the plaintiff did not include in those grievances (or in any other grievance thus far submitted) the facts underlying the remainder of claim four (i.e., that guards instigate inmates to beat up other inmates by announcing that "this inmate is causing all of you to suffer by writing grievances" and that this practice has led to more than one beating).

The facts underlying the fifth claim were contained in a grievance submitted on April 9, 2006.  When the plaintiff was advised, in response, to place a sick call request to see the dentist, he replied, "I've already seen the jail dentist.  He told me he doesn't fill cavities or anything besides pull teeth.  I don't want them <u>pulled</u>, I want them <u>filled.</u>  I need to have them <u>filled</u> by a dentist, not <u>pulled</u>. Please."

---

[3] He complained in his grievance that he was not allowed "any exercise ever," while claiming, in his pleading, that inmates go outside only once or twice monthly.  These allegations of fact are not really the same—indeed, they are somewhat contradictory.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed all of the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments or submitted copies of his grievances showing that he has exhausted his administrative remedies as to each and every claim raised in his complaint. Therefore, the Court will dismiss this action without prejudice for failure to exhaust administrative remedies.

Finally, the plaintiff has filed two motions, the first of which is a motion to appoint counsel to represent him. Given the above disposition of this case, the motion for appointment of an attorney is **MOOT**. (Doc. 4). In his next motion, the plaintiff seeks to amend his complaint to name the Sullivan County Public Defender's office as a defendant in this lawsuit. The plaintiff alleges that certain persons in the Public Defender's office denied him access to the courts, apparently, by failing to respond to the plaintiff's request for assistance in a divorce action filed by his wife and by failing to honor his request to send him copies of his file.

A motion to amend may be denied where the proposed changes are futile. *See North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997). This is the case here.

To state a valid claim in a § 1983 action, a plaintiff must show that a defendant: 1) deprived him of a right secured by the Constitution and the laws of the United States 2) while acting under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Assuming, arguendo, that the first element has been satisfied, the second element is missing because a Public Defender is not a state actor for purposes of § 1983. *See Thomas v. Pugh*, 9 Fed.Appx. 370, *371, 2001 WL 522437, **2 (6th Cir.May 9, 2001)(citing to *Polk County v. Dodson*, 454 312, 321 (1981)). Since the plaintiff has failed to state an actionable claim against the Public Defender, it would be futile to amend the complaint in this manner and, therefore, the motion to amend is **DENIED**. (Doc. 7)

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

        s/ Leon Jordan
United States District Judge